## JUDGE SWAIN

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



---

USAA CASUALTY INSURANCE CO.
as subrogee of Robert Adelman,

                    Plaintiff,

        v.

PERMANENT MISSION OF THE REPUBLIC OF
NAMIBIA, FEDERATION DEVELOPMENT
CORPORATION and RYBAK DEVELOPMENT,
INC., a/k/a RYBAK DEVELOPMENT and
CONSTRUCTION CORPORATION.,

                    Defendants.

---

State Supreme Court
Index No. 10105196/10

Federal District Court
Civil Action No. _____

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Permanent Mission of Republic of Namibia (the "Mission"), by their attorneys Reed Smith LLP, hereby remove to this Court the state court action described below. In support of removal, the Mission states as follows:

1.      On April 21, 2010, Plaintiff USAA Casualty Insurance Co., as subrogee of Robert Adelman ("Plaintiff"), commenced this action by filing a Summons and Complaint in the Supreme Court of New York for New York County, where it is presently captioned USAA Casualty Ins. Co. v. Permanent Mission Of The Republic Of Namibia, et al., Index No. 10105196/10. A true and correct copy of the Summons and Complaint is annexed hereto as Exhibit A.

2.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1330, which provides, in pertinent part, that "[t]he district courts shall have original

jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief *in personam*."

3.      The Mission is a "foreign state" as that term is defined under 28 U.S.C. § 1603(a). See <u>Gray v. Permanent Mission of People's Republic of Congo to United Nations</u>, 443 F.Supp. 816, 820 (S.D.N.Y. 1978) (holding that "it is hard to imagine a purer embodiment of a foreign state than that state's permanent mission to the United Nations.").

4.      This action is removable pursuant to 28 U.S.C. § 1441(d), which provides that "[a]ny civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending."

5.      Venue properly lies with this Court pursuant to 28 U.S.C. § 1441(a) & (d), as this action is presently pending in the Supreme Court of the State of New York, New York County, which is located within the Southern District of New York.

6.      Defendants Federal Development Corp. and Ryback Development Inc. have not appeared, and on information and belief, have not been served with the Summons and Complaint. In any event, the Mission is not required to seek the consent of the other Defendants to remove this action. See <u>Di Benedetto v. Pan Am World Service, Inc.</u>, 359 F.3d 627, 629 (2d Cir. 2004) (holding that a removing foreign state carries all defendants to federal court irrespective of their consent).

7.      This Notice is timely as it is being filed within thirty (30) days of the date on which the Mission first received the Summons and Complaint. The Mission first received the Summons and Complaint on April 26, 2010.

8.      Promptly upon the filing of this Notice, the Mission will file a copy of this Notice with the Clerk of the State Court, and give written notice of this removal to Plaintiff.

9.      The annexed Summons and Complaint comprises the only "process, pleadings, and orders" served upon the Mission in this action.

10.     Accordingly, the statutory requirements have been met, this action is properly removed to this Court.

11.     The Mission, through its counsel, makes this appearance specially for purposes of removal only and reserves all rights to challenge Plaintiff's manner of service, personal jurisdiction, and/or subject matter jurisdiction by way of motion to dismiss.

Dated:      New York, New York
            May 26, 2010

                                        REED SMITH LLP


                              By:_____
                                        Saritha C. Reddy (SR-1012)
                                        599 Lexington Avenue, 28th Floor
                                        New York, NY 10022
                                        Telephone No. (212) 851-8100
                                        Facsimile No. (215) 851-1420
                                        sreddy@reedsmith.com

                                        Carolyn P. Short (*pro-hac vice* forthcoming)
                                        Nipun J. Patel (*pro-hac vice* forthcoming)
                                        2500 One Liberty Place
                                        1650 Market Street
                                        Philadelphia, PA 19103-7301
                                        Telephone No. (215) 851-8100
                                        Facsimile No. (215) 851-1420

                                        *Attorneys for Defendant Permanent*
                                        *Mission of the Republic of Namibia*


                                      - 3 -

To: Cozen & O'Connor
Attn: Robert Phelan, Esquire
45 Broadway, 16th Floor
New York, NY 10006
*Attorney for Plaintiff*
*USAA Casualty Insurance Co*

Federation Development Corp.
20 E. 46th St., Suite 903
New York, NY 10017

Rybak Development, Inc.
2666 E. 24th St., Suite 1A
Brooklyn, NY 11235-2610

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X

USAA CASUALTY INSURANCE COMPANY as
subrogee of Robert Adelman,

                       Plaintiff,

             -against-

PERMANENT MISSION OF THE REPUBLIC OF NAMIBIA,
FEDERATION DEVELOPMENT CORPORATION and
RYBAK DEVELOPMENT, INC. a/k/a RYBAK DEVELOPMENT
and CONSTRUCTION CORPORATION,

                      Defendants.
-----------------------------------------------------------------------X

Index No.: **10105196**

**SUMMONS**

Plaintiff designates
New York County as
place of trial
The Basis of Venue is
place of occurrence
Plaintiff resides at
9800 Fredericksburg
Road, San Antonio,
Texas

**FILED**

APR 2 T 2010

COUNTY CLERK'S OFFICE
NEW YORK

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorneys within twenty (20) days of the service of this summons,
exclusive of the day of service (or within thirty (30) days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in case of your
failure to appear to answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated:  New York, New York
        April 20, 2010

                               Respectfully submitted,

                               COZEN O'CONNOR

              By:

                               Robert Phelan, Esq.
                               Attorneys for Plaintiff
                               45 Broadway, 16th Floor
                               New York, New York 10006
                               (212) 908-1274

SCANNED ON 4/21/2010

DEFENDANTS' ADDRESSES

Permanent Mission of the Republic of Namibia
360 Lexington Avenue, Suite 1502
New York, New York 10017

Federation Development Corporation
20 East 46th Street, Suite 903
New York, New York 10017

Rybak Development, Inc.
2666 East 24th Street, Suite 1A
Brooklyn, New York 11235-2610

NEWYORK_DOWNTOWN\2231828\1 232759.000

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

USAA CASUALTY INSURANCE COMPANY as subrogee of
Robert Adelman,                                               Index No.:

                                   Plaintiff,                **COMPLAINT**

                    -against-

PERMANENT MISSION OF THE REPUBLIC OF NAMIBIA,
FEDERATION DEVELOPMENT CORPORATION and
RYBAK DEVELOPMENT, INC. a/k/a RYBAK DEVELOPMENT
and CONSTRUCTION CORPORATION,

                                   Defendants.               *16105196*
------------------------------------------------------------------------X

       Plaintiff, USAA Casualty Insurance Company as subrogee of Robert Adelman by its

counsel, Cozen O'Connor, complaining of Defendants, alleges the following upon information

and belief:

## THE PARTIES

1.     Plaintiff, USAA Casualty Insurance Company (hereinafter "USAA") is a Texas

corporation, a wholly-owned subsidiary of United Services Automobile Association, which is a

reciprocal inter-insurance exchange with administrative offices located at 9800 Fredericksburg

Road, San Antonio, Texas, and, at all times relevant hereto, was authorized to conduct business

in the State of New York, including the issuing of policies of insurance.

2.     At all times material hereto, the Defendant, Permanent Mission of the Republic of

Namibia of the United Nations (hereinafter "Mission" or "Owner"), is a foreign mission and/or

consulate located at 360 Lexington Avenue, Suite 1502, New York, New York 10017.

3.     At all times material hereto, the Defendant, Federation Development Corporation (hereinafter "Contractor" or "Federation"), was and is a corporation, duly organized and existing under the laws of the State of New York, having a principal place of business located at 20 East 46th Street, Suite 903, New York, New York 10017.

4.     At all times material hereto, the Defendant, Rybak Development, Inc. a/k/a Rybak Development and Construction Corporation (hereinafter "Subcontractor" or "Rybak"), was and is a corporation, duly organized and existing under the laws of the State of New York, having a principal place of business located at 2666 East 24th Street, Suite 1A, Brooklyn, New York 11235-2610.

## FACTUAL ALLEGATIONS

5.     The Plaintiff's subrogor, Robert Adelman (hereinafter "Adelman" or "USAA's subrogor" or "Plaintiff's Insured") owned a parcel of property, and the building thereon, located at 133 East 36th Street, New York, New York 10016 (the "Subject Premises").

6.     The Defendant Mission owned the property located immediately adjacent to the Subject Premises, known and described as 135 East 36th Street, New York, New York.

7.     The Defendant Mission intended to construct a building for the housing of operations for the Permanent Mission of the Republic of Namibia to the United Nations at 135 East 36th Street (hereinafter "the Project").

8.     The Defendant Mission contracted with its co-Defendant Federation as the General Contractor for the Project.

2

9.     The Defendant Federation contracted with co-Defendant Rybak as one sub-contractor involved in the Project.

10.     The Plaintiff is and was at all times material hereto one of the insurance carriers for Adelman pursuant to the terms and conditions of an insurance policy (hereinafter "Subject Policy"), which policy insured against, *inter alia*, certain losses, including related additional living expenditures resulting from any casualty to the Subject Premises.

11.     Part of the Defendants' Project comprised the construction of a reinforced concrete (or shear) wall between Adelman and Owner's properties.  An existing brick and mortar party wall separated the two properties.  The structural support beams of 133 East 36th Street rested on the masonry party wall.

12.     On or about December 15, 2008, while Rybak, by and through its employees and/or agents, poured the reinforced concrete wall along the rear section of the 5th floor between the two properties, the existing brick party wall collapsed on the 5th floor, causing damage to Adelman's property.

13.     On or about December 15, 2008 and for a period thereafter, Adelman sustained severe and extensive damage to his property and as a result was also forced to incur substantial Additional Living Expenditures (ALE).

14.     As a result of the foregoing damage, and pursuant to its obligations under its policy of insurance, Plaintiff paid its insured for the damages and losses sustained, pursuant to the contractual language of the subject policy and equitable principles of subrogation, entitled to recover the same amount in this action pursuant to its rights of subrogation.

3

## AS AND FOR A FIRST CAUSE OF ACTION - NEGLIGENCE

15.     Plaintiff repeats each and every allegation contained in those paragraphs of the Complaint marked and numbered one (1) through fourteen (14), inclusive, with the same force and effect as though fully and at length set forth herein.

16.     The damages and ALE incurred were caused and resulted from by the Defendants' Project and Work and their respective acts of negligence, carelesseness and gross negligence, which consisted specifically of, but is not limited to, the following:

1.     carelessly and negligently performing their work and/or providing their services at the property;

2.     permitting a dangerous and hazardous condition to exist even though Defendants knew, or should have known, that such condition existed and posed a significant risk of harm to Plaintiff's insured and his property;

3.     failing to hire proper and adequate employees;

4.     failing to perform their work and/or provide their services at the property in conformity with good practice, industry standards and due care;

5.     failing to properly warn Plaintiff's insured of the dangerous conditions which they knew, or should have known existed and creating an unreasonable risk of harm to the property of Plaintiff's insured;

6.     failing to properly and adequately train, supervise and/or inspect the work of their employees;

7.     failing to take actions and precautions which would have prevented the damage to the property of plaintiff's insured as described;

8.     failing to take all precautions necessary under the circumstances to safeguard the property from the risk of damage;

9.     failing to safeguard all property affected by construction operations;

10.     failing to shore up the common wall;

11.     inadequately reinforcing plywood formwork at the location of the occurrence;

4

12.     negligently pouring concrete; and

13.     otherwise failing to use due care, as may be disclosed during the course of discovery.

17.     The damage caused to 133 East 36th Street, and Plaintiff's subrogor's resulting ALE were a direct result of negligent and improper construction practices that Defendants engaged in while pouring the new reinforced concrete shear or party wall.

18.     In this instance, no protection was provided for the party wall, chimney and roof and the structural integrity of the Adelman adjoining property was not maintained.

19.     In this regard, the Defendants' actions and practices were also unacceptable and inconsistent with  the following industry standards, guidelines and codes:

A)      Section BC 3309 "Protection of Adjoining Party" of the 2008 New York City Building Codes which states, "3309.1 Protection Required-Adjoining public and private property shall be protected from damage during construction or demolition work.  Protection must be provided for footings, foundation, party walls, chimneys, skylights and roofs.  Provisions shall be made to control water run-off and erosion during construction or demolition activities."

B)      Section 3309.8-Adjoining Walls of the 2008 New York Building Codes which states, "When any construction or demolition operation exposes or breaches an adjoining wall, including load-bearing and non-load bearing walls as well as party walls and non-party walls, the person causing the construction or demolition shall, at his or her own expense, perform the following: Maintain the structural integrity of such walls, have a registered design professional investigate the stability and condition of the wall, and take all necessary steps to protect such wall…[and] During demolition operations, where the floor beams of the adjacent building bear on the party wall, the person causing the demolition shall ascertain that such beams are anchored into the wall and, where such anchorage is lacking, shall provide anchorage or otherwise brace the standing wall."

20.     The foregoing acts and/or omissions of the Defendants directly and proximately caused the subject property damage to Plaintiff's subrogor's property, and Plaintiff made payments to its subrogor under the Policy, including for Alternate Living Expenditures, which exceeded Three

5

Hundred Ninety Seven Thousand, Seven Hundred and Thirty Dollars and 00/100 Cents

($397,730.00).

   **WHEREFORE**, Plaintiff demands judgment in its favor and against Defendants in an

amount in excess of Three Hundred Ninety Seven Thousand, Seven Hundred and Thirty Dollars

and 00/100 Cents ($397,730.00), together with pre-judgment and post-judgment interest,

attorney's fees, the costs of this suit, and such other relief as this court may order.

Dated:  New York, New York
        April 20, 2010

                                        Respectfully submitted,

                                        COZEN O'CONNOR

                              By:

                                        Robert Phelan, Esq.
                                        Attorneys for Plaintiff
                                        45 Broadway, 16th Floor
                                        New York, New York 10006
                                        (212) 908-1274

NEWYORK_DOWNTOWN\2231095\1  232759.000

6

Index No.                    Year   2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

USAA CASUALTY INSURANCE COMPANY, as subrogee of
Robert Adelman,

                                                                        Plaintiff

                        - against -

PERMANENT MISSION OF THE REPUBLIC OF NAMIBIA,
FEDERATION DEVELOPMENT CORPORATION and
RYBAK DEVELOPMENT, INC. a/k/a RYBAK
DEVELOPMENT and CONSTRUCTION CORPORATION              Defendants.

---

### SUMMONS AND COMPLAINT

---

### COZEN O'CONNOR

*Office and Post Office Address, Telephone*
**45 Broadway, 16th Floor**
**NEW YORK, NEW YORK  10006**
**(212) 509-9400**

FILED
APR 2 1 2010
COUNTY CLERK'S OFFICE
NEW YORK

---

Service of a copy of the within                              is hereby admitted,

Dated,

                                                    _____
                                                    Attorney(s) for

---

Sir:-Please take notice
☐ **Notice of Entry**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on
☐ **Notice of Settlement**
that an order                          of which the within is a true copy will be presented for
settlement to the **HON.**                          one of the judges
of the within named court, at
on                          at                ' M.

Dated,

                                        Yours, etc.
                                        **Cozen O'Connor**
                                        *Office and Post Office Address*
                                        **45 Broadway, 16th Floor**
                                        **NEW YORK, N.Y. 10006**

Attorney(s) for '